```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND


LOUIS SCHAFTEL                *
                              *
v.                            *
                              *   Civil Action No. WMN-11-2879
HIGHPOINTE BUSINESS TRUST     *
                              *
                              *
   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM AND ORDER**

This action was originally filed in the Circuit Court for Baltimore County, Maryland on or about September 8, 2011. The sole defendant named in the Complaint is Highpointe Business Trust (Highpointe). Highpointe removed the action to this Court on October 7, 2011. In the Notice of Removal, Highpointe indicated that it is a business trust organized under the laws of the State of Maryland and that its sole Trustee is HBT Beneficiary, LLC, a Delaware limited liability company with its principal place of business in Virginia. ECF No. 1, ¶ 6. On that basis, Highpointe asserts that HBT Beneficiary, LLC is not a citizen of Maryland. Assuming upon information and belief that Plaintiff is a citizen of Maryland, Highpointe contends that the requirements for federal diversity jurisdiction are satisfied.[1] Plaintiff has moved to remand on the ground that

---

[1] The amount of damages prayed for in the Complaint, over $330,000, far exceeds $75,000, the amount in controversy necessary for diversity jurisdiction under 28 U.S.C. § 1332(a).

Highpointe has failed to identify the beneficiaries of the trust whose citizenship must also be considered in determining whether there is complete diversity.[2]  ECF No. 11.[3]

Highpointe responded to Plaintiff's motion with a detailed description of the various layers of its business structure.[4] Highpointe explains that, as a business trust, it does not have beneficiaries as would a traditional trust.  Instead, a business trust has shareholders.  Highpointe's sole shareholder is the aforementioned HBT Beneficiary, LLC, which is also its sole trustee.  HBT Beneficiary, LLC has two members: JER Real Estate Partners III, L.P. and JER Real Estate Qualified Partners III, L.P.  Both of these members are Delaware Limited Partnerships. The general partner of both of these limited partnerships is JER

---

[2] Although not explicitly stated in § 1332(a), it has long been established that for a federal court to have diversity jurisdiction there must be complete diversity, that is, that no defendant is a citizen of the same state as any plaintiff. Lincoln Property Co. v. Roche, 546 U.S. 81, 82 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 [(1806)], [the Supreme] Court has read the statutory formulation "between . . . citizens of different States," 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.").

[3] Also pending is a motion to dismiss filed by Highpointe.  ECF No. 7.  Because the issue of this Court's jurisdiction over this matter is unresolved, the Court will reserve on any ruling on the motion to dismiss pending resolution of the jurisdictional issue.

[4] Highpointe includes this bare recitation in its Opposition, but does not supply an affidavit or any evidentiary support, thereto.

Real Estate Advisors III, L.P., which is itself a Delaware Limited Partnership.  The general partner of JER Real Estate Advisors III, L.P. is JER Real Estate Advisors III, Inc., a Delaware corporation with its principal place of business in Virginia.

Highpointe does not identify any of the limited partners of any of the limited partnerships nor does it make any representations as to the citizenship of those limited partners.  It maintains that it lacks sufficient knowledge concerning the structure and residency of these investors and suggests that its "right to remove this action should not be frustrated by its lack of sufficient knowledge concerning parties who invested in an entity several layers removed from the operations and control over [Highpointe].  Such peripheral analysis would not afford [Highpointe] due process to protecting its right of removal."  ECF No. 14 at 2.

There are several firmly established principles of diversity jurisdiction that are relevant to this action.  First is the principle relied upon by Highpointe: that, in considering the citizenship of a business trust, a court looks only to the citizenship of the trustee and need not consider the citizenship of the beneficiaries of the trust.  Navarro Sav. Assoc. v. Lee, 446 U.S. 458, 465 (1980).  Second, the Supreme Court "has made clear that artificial entities other than corporations are not

citizens for diversity purposes and that courts must look to the citizenship of their members when determining whether diversity jurisdiction exists." Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 702 (4th Cir. 2010) (citing Chapman v. Barney, 129 U.S. 677, 682 (1889), emphasis in Ferrell). Furthermore, the diversity jurisdiction in a suit by or against any business entity other than a corporation "depends on the citizenship of 'all of the members.'" Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990) (quoting Chapman, 129 U.S. at 682). As applied in the context of a limited partnership, citizenship is determined by considering the citizenship of all of its partners, both general partners and limited partners. New York State Teachers Retirement Sys. v. Kalkus, 764 F.2d 1015, 1019 (4th Cir. 1985); see also Carden, 494 U.S. at 195. Similarly, the citizenship of a limited liability company is determined by considering the citizenship of all of its members. Central W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); JBG/JER Shady Grove, LLC v. Eastman Kodak Co., 127 F. Supp. 2d 700, 701 (D. Md. 2001).

Applying these principles to the case at hand, the Court agrees with Highpointe that, for purposes of diversity jurisdiction, the court looks to the citizenship of its trustee, HBT Beneficiary, LLC. The analysis, however, does not stop there. Because HBT Beneficiary, LLC is a limited liability

4

company, the Court must look to the citizenship of each of its members.  Because both of its members are limited partnerships, the Court must look to the citizenship of all of the partners, both general and limited.  Because at least one of those partners is itself a limited partnership, the Court must look to the citizenship of the partners of that partnership as well. See Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, Civ. No. 05-333, 2008 WL 4457764 (W.D.N.C. Sept. 30, 2008) (in a similar situation involving "multiple layers of non-corporate and non-human entities," ordering defendant to furnish citizenship information "for all such layers of ownership so that the Court can make a determination as to whether true complete diversity lies") and Mecklenburg County, 2010 WL 391279 (W.D.N.C. Jan. 26, 2010) (making that jurisdictional determination based upon the citizenship information that was subsequently provided).

   In invoking "due process" and its purported "right to remove this action," despite its inability to fully detail its own ownership structure, Highpointe overstates its rights and understates its burden in removing an action.  In a removed action, the removing party bears the burden of establishing jurisdiction.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Furthermore, courts have consistently held that "[b]ecause removal jurisdiction raises

significant federalism concerns, we must strictly construe removal jurisdiction." Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  By simply complaining that it is too cumbersome to parse its own structure, Highpointe does not meet its burden and the Court finds that Highpointe has not established that this action was properly removed.

The question then becomes whether this action should be remanded to the state court or whether Highpointe should be granted the opportunity to amend its Notice of Removal to supply the requisite information regarding its citizenship.  While the notice cannot be amended to assert new grounds for removal after the expiration of the 30-day period for removal,[5] most courts will allow amendment to correct an imperfect statement of citizenship.  See 28 U.S.C. § 1653 (permitting defective allegations of jurisdiction to be amended); Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230 (W.D.N.C. 2008) (holding that failure of defendant, a limited liability company, to allege the citizenship of its members in notice of removal based on diversity jurisdiction was a mere technical defect in pleading which was subject to amendment); see also, 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2009).  This Court will do the same.

---

[5] See 28 U.S.C. § 1446(b).

Accordingly, it is the 24th day of January, 2012, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendant Highpointe Business Trust is granted 14 days from the date of this Memorandum and Order to amend its Notice of Removal to provide the requisite citizenship information as set forth above; and

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge